919 F.2d 142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buster Alexander YANCEY, Jr., Plaintiff-Appellant,
v.
FEDERAL CORRECTIONAL INSTITUTE, ASHLAND, KENTUCKY; Bill
Story, Warden, F.C.I. Ashland; Officer Brown;
Officer Mills; Officer Barry,
Defendants-Appellees, (90-5438)
and
Federal Correctional Institute, Ashland, Kentucky; Warden
Bill R. Story; Counsellor Smith; Counsellor Donta;
Correctional Officer Hamber; Correctional Officer Johnson,
Defendants-Appellees (90-5518)
 Nos. 90-5438, 90-5518.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1990.
 
 Before DAVID A. NELSON, Circuit Judge; and LIVELY and JOHN W. PECK, Senior Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's orders dismissing two civil rights complaints filed under the authority of Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Buster Alexander Yancey claimed that defendants, the Federal Correctional Institution (FCI) in Ashland, Kentucky and the warden and other employees of FCI, deprived him of his constitutional rights. He further claimed that defendants' conduct violated the anti-racketeering act, RICO, 18 U.S.C. Sec. 1961 et seq.
 
 
 3
 In No. 90-5438, Yancey alleged that defendants confiscated his pen, that he received only two law books in a two week period, that he was routinely denied access to a typewriter and that defendants interfered with his legal mail. In No. 90-5518, he alleged that defendants conspired to harass him and to extend the length of his sentence by filing frivolous incident reports against him and by denying him his right of access to the courts. He requested monetary, injunctive and declaratory relief.
 
 
 4
 The matters were referred to a magistrate who determined that defendant FCI was entitled to sovereign immunity, that Yancey failed to allege a racketeering activity actionable under RICO and that he failed to exhaust administrative remedies. In each case, the magistrate recommended that the matter be dismissed under 28 U.S.C. Sec. 1915(d). Yancey did not file objections to the magistrate's reports but advised the district court of his difficulties in meeting filing deadlines. Upon consideration, the district court adopted the magistrate's recommendations and dismissed both complaints.
 
 
 5
 Upon careful review of the records and the briefs in these related appeals, we conclude that the complaints were properly dismissed under 28 U.S.C. Sec. 1915(d).
 
 
 6
 Accordingly, the district court's orders adopting the magistrate's recommendations are hereby affirmed for the reasons stated in the magistrate's reports. Rule 9(b)(5), Rules of the Sixth Circuit.